# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**HARRISON MONTGOMERY**                                        **PETITIONER**

**v.**                                                     **No. 2:06CV150-B-A**

**LAWRENCE KELLY, ET AL.**                                    **RESPONDENTS**


## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Harrison Montgomery for a writ of *habeas corpus* under 28 U.S.C. § 2254.  The state has answered, and the petitioner has replied.  The matter is ripe for resolution.  For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman.  He was convicted of manslaughter in the Circuit Court of Tunica County, Mississippi, and sentenced as a habitual offender to serve a term of twenty years in the custody of the Mississippi Department of Corrections.  State Court Record, Vol. 1, p. 65-67.

The petitioner, through counsel, appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated in the Brief of the Appellant):

A.  Admission of evidence of local traffic control devices without authorizing ordinance error.

B.  Insufficient evidence to sustain a verdict of guilty.

C.  Verdict against the overwhelming weight of the evidence.

On June 14, 2005, the Mississippi Court of Appeals affirmed the petitioner's conviction

and sentence. *Montgomery v. State*, 910 So. 2d 1069 (Miss. App. 2005) (Cause No. 2003-KA-

2345-COA), *reh'g denied*, September 13, 2005. Montgomery filed a Petition for Writ of

Certiorari after issuance of the court's mandate, and that petition was dismissed November 17,

2005, as untimely filed.

The petitioner then filed an "Application for Leave to File Petition for Post Conviction

Collateral Relief in the Circuit Court of Tunica County Mississippi" in which he raised the

following issues (as stated by the petitioner):

> A. Denial of effective assistance of counsel - Counsel did not move to demur the indictment based on the grounds that it fail to state which judicial district the alleged crime took place in, within Tunica County Mississippi.
>
> B. Denial of effective assistance of counsel - Counsel did not object to said indictment being amended in order to charge petitioner as a habitual offender, said amendment could only be done by the Grand Jury.
>
> C. Denial of effective assistance of counsel - Counsel did not object to indictment charging the petitioner as a habitual offender. The document used were not certified as evidence from either the court where the prior sentences were imposed, nor were there any evidence offered by the prosecution to prove that any other has been imposed.
>
> D. Denial of effective assistance of counsel - Counsel did not object and move for a mistrial based on the ground of Ms. Garth Roger giving testimony as to the cause of death.
>
> E. Denial of effective assistance of counsel - Counsel did not cross-examine the state's chief witness as to how she knew the cause of death, nor cross-examine the state's chief as to what medical title she held.
>
> F. Denial of effective assistance of counsel - Counsel did not object to evidence of other crimes being presented by the prosecution that was not charged in the indictment nor had the petitioner been convicted of said crime.

G.  Denial of effective assistance of counsel - Counsel did not present any form of defense to said charge.

H.  Denial of effective assistance of counsel - Counsel did not request that a expert witness such as a pathologist or coroner be required to testify as to the cause of death.

I.  Denial of effective assistance of counsel - Counsel did not call any witnesses to testify for the defendant concerning his  character.

J.  Denial of effective assistance of counsel - Counsel did not move to dismiss the charges because of the time span between the time of accident and the time of trial.

K. Denial of effective assistance of counsel - Counsel should have moved for a mistrial based on the fact that the trial court did not grant the petitioner a habitual hearing before sentencing.

The Mississippi Supreme Court denied Montgomery's  application on May 10, 2006,

finding:

After due consideration, the panel finds that Montgomery's application fails to support his ineffective assistance of counsel claim with proper authority. Furthermore, the panel finds that Montgomery's claims of ineffective assistance of counsel do not satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984), where Montgomery fails to demonstrate that his attorney's performance was deficient and that such deficiency deprived him of a fair trial. Therefore, the application should be denied.

(Cause No. 2005-M-1981).

The petitioner filed a second "Application for Leave to File Post Conviction Collateral

Relief in the Circuit Court of Tunica County Mississippi" which raised the exact claims raised in

his first motion for post-conviction relief.[1]  The Mississippi Supreme Court denied

_____

[1]A comparison of the two applications filed by Montgomery in the state supreme court reveals that they are identical (with the exception that the second application also contains a proposed motion for post-conviction relief) and were both were signed the same date.  Therefore, it appears that two separate cases were inadvertently opened based on one application - one under the name Harrison Montgomery, Jr and one under the name Harrison Montgomery.  As noted

Montgomery's motion on October 5, 2006, holding: "Montgomery alleges numerous instances of ineffective assistance of counsel. The panel finds that the claims fail to meet the standard set out in *Strickland v. Washington* and that the petition should be denied." (Cause No. 2006-M-00566).

Montgomery filed the instant petition for a writ of *habeas corpus*, raising the following claims for relief (as stated by petitioner):

> **Ground One** - Denial of effective assistance of counsel - Counsel should have filed a motion to demur based on the fact that the indictment fail to give notice as to which judicial district the alleged crime took place in.
>
> **Ground Two** - Denial of effective assistance of counsel - Counsel did not object and move for a mistrial based on the fact that at the conclusion of the petitioner's trial the prosecution move to amend the indictment to charge the petitioner as a habitual offender.
>
> **Ground Three** - Denial of effective assistance of counsel - Counsel did not object to the prosecution not providing any evidence to prove that the document used to charge the petitioner as a habitual offender were certified by a clerk of any court state or federal, the document must be testified to, to prove that they are original.
>
> **Ground Four** - Denial of effective assistance of counsel -Counsel did not object and move for a mistrial based on the fact that Ms. Garth Roger was allowed to give testimony as to the accident being the cause of the victim death. Ms. Roger is not a pathologist or a coroner.
>
> **Ground Five** - Denial of effective assistance of counsel - Counsel did not cross-examine the state chief witness as to what medical title she held, the petitioner argue she would have to be an expert to give testimony as to the cause of death.
>
> **Ground Six** - Denial of effective assistance of counsel - Counsel did not object to evidence of other crimes not charged in the indictment being used, which prejudice the jury toward the petitioner and cause him not to have a fair trial.

---

above, the court denied both applications based on Montgomery's failure to meet the standard set forth in *Strickland, supra*.

**Ground Seven** - Denial of effective assistance of counsel - Counsel did not offer any form of defense to said charge.

**Ground Eight** - Denial of effective assistance of counsel - Counsel did not call an expert witness such as a pathologist to give testimony as to the cause of death.

**Ground Nine** - Denial of effective assistance of counsel - Counsel did not call any witnesses to testify on behalf of the defendant's character.

**Ground Ten** - Denial of effective assistance of counsel - Counsel did not move to dismiss the charges because of the time span between the time of indictment and the time of trial.

**Ground Eleven** - Denial of effective assistance of counsel - Counsel should have objected and move for a mistrial based on the fact that the court did not grant the petitioner a habitual hearing.

**Ground Twelve** - Admission of evidence of local traffic control devices without authorizing ordinance error.

**Ground Thirteen** - Insufficient evidence to support a verdict of guilty.

**Ground Fourteen** - Verdict against the overwhelming weight of the evidence.

**Ground Fifteen** - Denial of effective assistance of counsel - The petitioner argue he was rendered ineffective assistance of counsel because counsel was late filing his petition for writ of certiorari . . .

**Discussion**

After a careful review of each of the petitioner's claims, the court finds that they must all be dismissed. First, the petitioner raised the claims in Grounds One through Eleven of the instant petition during state post-conviction review, and the Mississippi Supreme Court denied those claims on the merits. As the Mississippi Supreme Court's decision on each of these issues was reasonable in fact and in law, this court cannot review the claims on federal *habeas corpus* review. In addition, the petitioner failed to present his claims in Grounds Twelve, Thirteen, Fourteen, and Fifteen of the petition to the state's highest court; as such, these claims must be

dismissed as procedurally barred.

## Grounds Twelve, Thirteen, Fourteen, and Fifteen:  Procedural Default

The claims presented by petitioner as Grounds Twelve, Thirteen, Fourteen, and Fifteen have never been presented to the state's highest court in a procedurally proper manner.  As such, they must be dismissed as procedurally barred.  Grounds Twelve, Thirteen, and Fourteen are procedurally barred because the petitioner filed an untimely petition for a writ of certiorari with the Mississippi Supreme Court.  Ground Fifteen is procedurally barred because the petitioner did not raise the issue at all during his pursuit of a direct appeal and two motions for post-conviction relief in state court.  The effect is the same on all of these claims: each must be dismissed as procedurally barred.

Grounds Twelve, Thirteen, and Fourteen were reviewed and denied by the Mississippi Court of Appeals in its opinion on June 14, 2005.  The court of appeals denied the petitioner's request for rehearing on Grounds Twelve, Thirteen, and Fourteen, on September 13, 2005.  He filed a Petition for a Writ of Certiorari review regarding these three grounds for relief – but did so *after* issuance of the court's mandate.  That petition was dismissed by on November 17, 2005, as untimely filed.

This decision by the Court of Appeals is final and not reviewable except by writ of certiorari.  Rule 17(a) of the Mississippi Rules of Appellate Procedure provides that:

> A decision of the Court of Appeals is a final decision which is not reviewable by
> the Supreme Court except on writ of certiorari.  Review on writ of certiorari is not
> a matter of right, but a matter of judicial discretion.  The Supreme Court may
> grant a petition for writ of certiorari on the affirmative vote of four of its members
> and may, by granting such writ, review any decision of the Court of Appeals.
> Successive review of a decision of the Court of Appeals by the Supreme Court
> will ordinarily be granted only for the purpose of resolving substantial questions

of law of general significance. . . .

Thereafter, Rule 17(a) lists the types of cases for which review is ordinarily limited.  However,

the rule clearly states:

> Notwithstanding the presence of one of more of these factors, the Supreme Court
> may decline to grant a petition for certiorari for review of the decision of the
> Court of Appeals.  The Court may, in the absence of these factors, grant a writ of
> certiorari.

The petitioner failed to file a timely petition for writ of certiorari seeking discretionary review of

Grounds Twelve, Thirteen, and Fourteen in the Mississippi Supreme Court under M.R.A.P.

17(b).  As such, he has failed to exhaust his state court remedies as required by 28 U.S.C §

2254(c), and the time to do so has by now expired.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119

S.Ct. 1728, 67 USLW 3682 (1999).  Therefore, Grounds Twelve, Thirteen, and Fourteen of the

instant petition must be dismissed as procedurally barred.  *Id.*  The petitioner also failed to raise

his claim in Ground Fifteen (challenging appellate counsel's performance in failing to file a

timely petition for writ of certiorari) in his motions for post-conviction relief to the state court.

He has filed a direct appeal and two applications for leave to seek post-conviction relief in state

court; therefore, he has no avenue remaining in which to pursue this claim in the state's highest

court.  When state remedies are rendered unavailable by the petitioner's procedural default,

federal courts are barred from reviewing those claims.  *Sones v. Hargett*, 61 F.3d 410 (5th Cir.

1995).

A federal *habeas* court may not review a state court's denial of post-conviction relief

based upon an independent and adequate state procedural rule unless the petitioner can

demonstrate cause for his default in state court and actual prejudice resulting therefrom.

*Coleman,* 501 U.S. at 750; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). The petitioner has not shown "cause" under the "cause and prejudice" test necessary to allow this court to reach the merits of his claims despite the procedural bar – because no external impediment existed to prevent him from raising and discussing these claims as grounds for relief in a timely petition for writ of certiorari in state court. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991).[2] As the petitioner has not shown cause for his default in state court, this court need not consider whether the petitioner suffered actual prejudice. *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996); *Saahir v. Collins,* 956 F.2d 115, 118 (5th Cir. 1992).

In addition, this court's decision not to consider these four claims will not result in a fundamental miscarriage of justice because the petitioner has not shown "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner has not proffered any new or reliable evidence to show that "more likely than not that no reasonable juror would have convicted [the petitioner] in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). As such, he cannot overcome the procedural bar, and Grounds Twelve, Thirteen, Fourteen, and Fifteen must be dismissed as procedurally barred.

---

[2] As there is no right to counsel for discretionary review, counsel's actions in failing to seek discretionary review cannot be ineffective assistance would thus not constitute cause to get through the bar. *Jackson v. Johnson,* 217 F.3d at 365 (where the court found that "a criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal").

**Grounds One Through Eleven: Denied on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds One through Eleven on

the merits and decided those issues against the petitioner; hence, these claims are barred from

*habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. §

2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law, as
>> determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in
>> the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris*

*v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to

questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's

claims challenge both the application of law and the finding of fact, this court must consider the

exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication

"resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly

established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal

law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a

question of law, or if it decides a case differently from the Supreme Court on a set of "materially

indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state

court's decision involves an *unreasonable application of* federal law if it identifies the correct

governing principle but unreasonably (not just incorrectly) applies that principle to facts of the

prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As

discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably

applied the law to the facts, or that the court's decision contradicted federal law. Accordingly,

the exception in subsection (d)(1) does not apply to Grounds One through Eleven of the

petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to

which the supreme court applied the law were determined unreasonably in light of the evidence

presented. Because the supreme court is presumed to have determined the facts reasonably, it is

the petitioner's burden to prove otherwise, and he must do so with clear and convincing

evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As

discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection

(d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues

already decided on the merits.

**Standard of Review for Ineffective Assistance of Counsel Claims**

All of the petitioner's grounds for relief rest upon a theory of ineffective assistance of

counsel. To prove a claim of ineffective assistance of counsel, the petitioner must show that

counsel's performance was deficient and that the deficiency caused prejudice to the petitioner's

legal position. *Strickland v. Washington*, 466 U.S. 668 (1984). Under the deficiency prong of the

test, the petitioner must show that counsel made errors so serious that counsel was not

functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.

The court must analyze counsel's actions based upon the circumstances at the time – and must

not use the crystal clarity of hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988).

The petitioner "must overcome the presumption that, under the circumstances, the challenged

action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).

To prove prejudice, petitioner must demonstrate that the result of the proceedings would have

been different or that counsel's performance rendered the result of the proceeding fundamentally

unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557

(1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9

(5th Cir. 1997). The petitioner has not met this burden for Grounds One through Eleven of the

instant petition.

### Ground One

In Ground One, the petitioner argues that counsel was ineffective for failing to file a

motion to demur to the indictment. The petitioner claims that the indictment failed to give notice

as to which judicial district the crime occurred and was therefore defective. A review of the

charging indictment reveals that the indictment was returned in Tunica County, Mississippi, by

the grand jury of Tunica County, Mississippi, for crimes that occurred "in the County and State

aforesaid, and within the jurisdiction of this Court. . . ." S.C.R., Vol. 1, p. 5. The indictment put

the petitioner on notice of where the crime occurred – Tunica County, Mississippi. In addition,

although Rule 7.06 of the Uniform Rules of Circuit and County Court Practice does state that the

indictment should contain the county and judicial district, Tunica County is not subdivided into

separate judicial districts. As such, all the information necessary to put the petitioner on notice

of the location of the alleged crime was contained in the indictment. Counsel's decision not to object to the indictment was therefore reasonable, as the indictment was not defective. *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Further, state law provides that such defects in an indictment can be cured simply by amendment. *Jones v. State,* 383 So. 2d 498 (Miss. 1980), *reh'g denied*, May 28, 1980. As such, even if the court were to find that counsel's failure to object to the indictment constituted deficient performance, the petitioner was not prejudiced by counsel's actions. For these reasons, the court finds that the Mississippi Supreme Court's decision to deny this claim was reasonable in fact and in law. As such, the petitioner's claim in Ground One must be dismissed.

### Ground Two:   Failure to Object to Amendment of Indictment to Charge the Petitioner as a Habitual Offender

In Ground Two, the petitioner argues that counsel failed to object and move for a mistrial when the prosecution moved *at the close of the trial* to amend the indictment to charge the petitioner as a habitual offender. The record does not support this ground for relief. The state moved to amend the indictment *at the beginning of trial*, and counsel in fact *objected to the amendment*. (S.C.R., Vol. 2, pp. 8-10). Indeed, under Mississippi law, an amendment to an indictment to charge habitual offender status is an amendment as to form, not to substance – and is therefore allowed after the indictment has been returned. *Wilson v. State,* 935 So. 2d 945, 949 (Miss. 2006), *reh'g denied*, August 17, 2006. For these reasons, the petitioner's claims in Ground Two shall be dismissed.

**Ground Three:  Failure to Object to Authenticity
of Documents Used to Charge the Petitioner as a Habitual Offender**

The petitioner argues in Ground Three that counsel failed to object to the documents used

by the state to establish his status as a habitual offender.  The petitioner alleges that documents

were not proven to be certified.  First, defense counsel was active in discussions in chambers

prior to the sentencing hearing as to what the state would be required to prove, and he put the

state to its proof.  S.C.R., Vol. 3, pp. 146-151.  Counsel in fact objected to his client's sentencing

as habitual offender.  S.C.R., Vol. 2, pp. 8-10.  These reasons alone would militate against a

finding of ineffective assistance of counsel.  In addition, however, the record shows that the state

introduced certified copies of the petitioner's prior convictions to establish his status as a

habitual offender.  S.C.R., Vol. 3, pp. 146, 152.  As counsel had no basis on which he could have

objected, the court will not find counsel ineffective for failing to make a meritless objection.

*Clark v. Collins,* 19 F.3d at 966.

**Ground Four:  Counsel Failed to Move for Mistrial When Witness
Testified that Accident Caused Her Husband's Death**

In Ground Four, the petitioner argues that counsel failed to object and move for a mistrial

when the state's witness, Ms. Garth Roger, testified that the automobile accident was the cause of

her husband's death.  Once again, the petitioner's claim is contrary to the record.  Counsel did

not move for a mistrial; however, he did object to the question posed by the state in which the

state attempted to have Ms. Rogers testify that the accident with the petitioner was the cause of

her husband's death.  S.C.R., Vol. 2, p. 77.  Counsel approached the bench and the matter was

discussed on the record.  *Id.* at pp. 77-79.  The court held the matter to be relevant, and overruled

counsel's objections.  *Id.* at p. 79.  The state posed only one more question to the witness, which

did not bear on the cause of death.[3]  Counsel thus objected at the only opportunity to do so.  As

such, his performance was constitutionally adequate, and the petitioner's claim of ineffective

assistance of counsel must fail.

### Ground Five:  Failure to Cross-Examine the State's "Chief Witness"

The petitioner claims in Ground Five that counsel failed to cross-examine the state's

"chief witness" regarding what medical title she held to make her an expert qualified to give

testimony as to the cause of death of the victim.  The petitioner does not specify the "chief

witness" to whom he refers; however, it is clear that the "chief witness" at issue is the victim's

wife.  Counsel's decision not to cross-examine the victim's wife was sound trial strategy.  First,

the victim's widow was visibly shaken on the witness stand and thus had a difficult time giving

testimony about the accident.  S.C.R., Vol. 2, p. 76.  In addition, had counsel cross-examined the

victim's widow, she could have again discussed the accident and her husband's death – thus

making the jurors feel even more sympathy for her.  Ms. Roger had nothing favorable to add to

the petitioner's defense, as she made clear during her address to the court during sentencing.

S.C.R., Vols. 2 and 3, pp. 76-79, 144-145.  Counsel's decision not to cross-examine this

extremely sympathetic witness was sound trial strategy, and the Mississippi Supreme Court's

rejection of the petitioner's ineffective assistance of counsel claim was reasonable in fact and in

law.  As such, this claim must be dismissed.

---

[3]After the state completed questioning Ms. Rogers, the prosecutor offered the death
certificate as further evidence of the victim's cause of death.  Defense counsel successfully
objected to the admission of the death certificate, and the State agreed to withdraw their attempt
to enter the certificate into evidence.  S.C.R., Vol. 2, p. 79; S.C.R, Vol. 3, pp.  80-83.

**Ground Six:   Failure to Object to Testimony of "Other Crimes"**

The petitioner argues in Ground Six that counsel failed to object to the admission of evidence of crimes not charged in the indictment.  The petitioner did not, however, specify what "additional crimes" evidence was admitted without objection.  After reviewing the record, the court concludes that the petitioner refers to a statement by witness Scarbrough that the petitioner "appeared to be either intoxicated or on something."  S.C.R., Vol. 2, p.63.  This statement merely relays the witness's impressions of the petitioner's behavior; as such, it does not rise to the level of evidence of "other crimes."  Even assuming that the evidence would rise to such a level, counsel in fact objected to this statement and move for a mistrial.  *Id.*  The court sustained counsel's objection and instructed the jury to disregard the statement.  Once again, the record belies the petitioner's claim.  As such, counsel's performance was constitutionally adequate, and this claim must be dismissed.

**Ground Seven:   Counsel Failed to Offer Any Defense to the Charge**

Montgomery argues in Ground Seven that counsel failed to "offer any form of defense to said charge."  This claim is without merit.  First, the claim is merely a conclusory allegation, as the petitioner does not posit what defense counsel should have asserted – or how such a defense would have changed the verdict.  *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998).  "[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."  *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000) (citations omitted); *see also Collier v. Cockrell,* 300 F.3d 577, 587 (5th Cir. 2002) ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").  The claim in Ground Seven would fail for this reason alone.

More importantly, however, the record reveals that counsel mounted a vigorous defense against the charges at issue – lodging numerous objections that were sustained – and successfully challenging introduction of the death certificate proffered by the state. S.C.R., Vol. 3, p. 82. In addition, counsel succeeded in having the jury instructed on circumstantial evidence and simple negligence. S.C.R. Vol. 3, pp. 118-120, 125, 133-134. Counsel thus mounted a constitutionally adequate defense on behalf of the petitioner. As such, the petitioner's claim in Ground Seven must be dismissed.

### Ground Eight: Failure to Call an Expert Witness to Testify Regarding the Cause of the Victim's Death

In Ground Eight, the petitioner claims that counsel was ineffective in failing to call an expert witness to testify regarding the cause of the victim's death. Counsel's decision was clearly a matter of trial strategy. Counsel put the state to its burden of proof on this issue and successfully prevented the death certificate, which stated that the victim died of multiple injuries, from being introduced at trial. An expert, such as a pathologist, might well have found that the victim died from injuries sustained in the accident in question, thus bolstering the state's case. Indeed, counsel argued in his motion for directed verdict that the state failed to prove this essential element of its case. S.C.R. Vol. 3, p. 92. Counsel's decision not to procure expert testimony was a matter of trial strategy, and the state court's rejection of the petitioner's claim was reasonable in fact and in law. As such, the petitioner's claim in Ground Seven must fail.

### Ground Nine: Failure to Call Character Witnesses

In Ground Nine, the petitioner argues that counsel failed to call any witnesses to testify as to the petitioner's character. This claim is conclusory, as the petitioner has not named a witness

who would have testified or proffered what testimony such an unnamed witness would have given upon being called. The petitioner likewise fails to show how such character testimony would have affected his trial in light of the proof against him. "'Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative.'" *Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001) (citations omitted).

Again, the decision not to call character witnesses is a matter of trial strategy. Had the petitioner put his character at issue, the state would have been able to cross-examine those witnesses – *and* to offer proof (within the rules of evidence) to rebut those character witnesses. The petitioner has an extensive criminal history, and one witness had already testified that the petitioner appeared intoxicated or "on something" (which counsel was successful in having the jury instructed not to consider). As such, a decision by counsel to proffer character evidence would have been fraught with risk, as the testimony might well have led the jury to believe that the petitioner had poor character. Therefore, the state court's decision to reject this claim was reasonable in fact and in law, and the petitioner's claims in Ground Nine must be dismissed.

**Ground Ten: Failure to Raise a Speedy Trial Objection**

Montgomery argues in Ground Ten that counsel failed to move to dismiss the charges against him based on the "time span[] between the time of the incident and the time of trial." Counsel simply had no basis upon which to lodge a speedy trial objection. The relevant period of time for a speedy trial claim is not the period of time between the event and trial; instead, it is the period of delay following the accusation (either arrest or indictment, whichever occurs first) until trial. *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993)(*citing Dillingham v. United States*,

423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975)).  A one-year delay is "presumptively

prejudicial" in the Fifth Circuit.   *Id*. (citing *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993)).

The Mississippi Supreme Court has generally held that a delay of eight months or longer is

"presumptively prejudicial."  *State v. Woodall*, 801 S0.2d 678, 682 (Miss. 2001) (*citing Smith v.

State*, 550 So.2d 406, 408 (Miss. 1989)).

The petitioner in this case was indicted February 18, 2003 (S.C.R., Vol. 1, p. 5) and was

arrested on April 23, 2003 (*Id.* at p. 30-31).  The petitioner's trial began on September 29, 2003.

Hence, less than eight months passed between indictment and trial, and even less time passed

between the petitioner's arrest and trial.  As such, counsel could not have moved to dismiss the

case based on a speedy trial violation and thus was not ineffective for failing to raise such a

meritless objection.  *Clark v. Collins,* 19 F.3d at  966 ("Failure to raise meritless objections is not

ineffective lawyering; it is the very opposite.").  Thus, the Mississippi Supreme Court's decision

to reject this claim was reasonable in fact and in law, and the petitioner's claim in Ground Ten of

the instant petition must be dismissed.

**Ground Eleven: Failure to Seek a Mistrial or Object to the
Court's Sentencing of the Petitioner as a Habitual Offender**

Finally, in Ground Eleven, the petitioner argues that counsel was ineffective in failing to

move for a mistrial or object to the court's decision to sentence him as a habitual offender

without a hearing.  Once again, this claim is not supported in the record.  The court in fact held a

separate sentencing hearing on the petitioner's status as a habitual offender after the jury had

rendered its verdict and was discharged.  S.C.R., Vol. 3, pp. 144-154.  Counsel therefore had no

basis upon which he could have lodged such an objection.  As such, he cannot be deemed

ineffective for failing to pursue the matter. *Clark v. Collins,* 19 F.3d at 966. The Mississippi

Supreme Court's decision to deny this claim was reasonable in fact and in law. Therefore, the

petitioner's claims in Ground Eleven of the instant petition shall be dismissed with prejudice.

In sum, all of the claims in the instant petition for a writ of *habeas corpus* shall be

dismissed with prejudice. A final judgment consistent with this memorandum opinion shall issue

today.


**SO ORDERED,** this the 26th day of September, 2007.


/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE